110 T.C. No. 4

UNITED STATES TAX COURT

STEVEN R. AND TERRY D. WILLIAMS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18298-95.                    Filed January 21, 1998.

        P, a shareholder in an S corporation (S), received
a 3X distribution from S during 1990.  S's Accumulated
Adjustment Account (AAA), under sec. 1368, I.R.C., had
a 3X balance as of the beginning of 1990.  S had a 2X
loss for 1990.  When subch. S status was elected for S,
its predecessor subch. C corporation had in excess of
2X accumulated earnings and profits.  To the extent
that the 3X distribution for 1990 exceeds the balance
of the AAA, P would be taxable for such excess as a
dividend to the extent it did not exceed the
accumulated earnings and profits from the predecessor
subch. C corporation.  R determined that the 2X loss
should be first subtracted from the 3X balance of the
AAA before considering the 1990 distribution.  R's
determination would result in taxable ordinary income
to P.  P counters that distributions should be first
subtracted from the AAA prior to any adjustments for
losses or deductions of the subch. S corporation for
the year.  <u>Held</u>:  Losses and deductions for the year
are to be first subtracted from the AAA prior to
considering shareholder distributions for the year.
Secs. 1367 and 1368 interpreted.

David J. Wood, for petitioners.

Michael F. O'Donnell, for respondent.

GERBER, Judge:  Respondent determined deficiencies in petitioners' Federal income tax and a section 6662[1] accuracy-related penalty as follows:

| Year | Deficiency | Sec. 6662 Penalty |
|------|-----------|-------------------|
| 1990 | $17,451.36 | --- |
| 1991 | 35,394.65 | $7,079 |

After concessions, the issue for our consideration is whether petitioner Steven R. Williams received taxable distributions of $264,078 from Maverick Transportation, Inc., an S corporation, in 1990.  Respondent has conceded that petitioners are not liable for the section 6662 accuracy-related penalty for 1991.[2]

---

[1] Unless otherwise indicated, all section and subchapter references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The parties have also stipulated that petitioners are entitled to depreciation deductions of $8,648 for 1991 in addition to the amount claimed on petitioners' 1991 tax return. The amount of petitioners' deficiency for 1991 is also affected by a settlement entered into between Maverick Transportation, Inc. (MTI), and respondent in a related case, Maverick Transp., Inc. v. Commissioner, docket No. 18322-95.  In the notice of deficiency to MTI, respondent determined that MTI was subject to a built-in gains tax under sec. 1374 in the amount of $104,362 for 1991.  In the notice of deficiency issued to petitioners, respondent allowed petitioners a $104,362 passthrough deduction in 1991 for MTI's built-in gains tax liability.  In the settlement in Maverick Transp., Inc. v. Commissioner, supra, for which the Court has entered a decision document, the parties agreed that MTI is liable for a built-in gains tax in 1991 of $20,872, which reduces petitioners' 1991 passthrough deduction allowed by respondent from $104,362 to $20,872.

FINDINGS OF FACT[3]

At the time the petition was filed, petitioners resided in Little Rock, Arkansas. During the years in issue, Steven R. Williams (petitioner) was the president and sole shareholder of Maverick Transportation, Inc. (MTI). MTI is a trucking company, and petitioner has more than 20 years of experience in the trucking industry.

MTI was founded in 1980 and operated as a subchapter C corporation for a number of years. On July 1, 1988, MTI elected to be taxed as an S corporation. During the time that MTI was a C corporation, MTI had accumulated in excess of $264,078 of earnings and profits that were carried forward to 1990.

During 1990, MTI made distributions to its sole shareholder (petitioner) in the amount of $323,399. Also, for the 1990 taxable year, MTI had a "nonseparately"[4] computed ordinary loss of $217,341. MTI's Accumulated Adjustments Account (AAA), at the beginning of the 1990 tax year, had a $349,256 balance. Items of income, loss, and deductions that resulted in positive or negative[5] adjustments to MTI's AAA during the 1990 tax year, including the distributions to petitioner and net ordinary loss, were as follows:

---

[3] The stipulation of facts and the attached exhibits are incorporated by this reference.

[4] This is a term used in sec. 1367. See infra note 7, which contains the pertinent part of that section.

[5] Negative adjustments are in parentheses.

| | |
|---|---|
| Distributions | ($323,399) |
| Loss | (217,341) |
| Contributions | (1,730) |
| Nondeductible officer insurance | (4,355) |
| Sec. 274(n) expenditures | (83,214) |
| Nondeductible fines | (1,225) |
| Interest income | 17,930 |

OPINION   The controversy here is not over whether or which reductions should be made to the AAA, but the order in which they are to be made.  The adjustments are to be made to the accumulated adjustments account, which was statutorily created to track certain aspects and the character of S corporation distributions.  In particular, the issue is whether an S corporation's AAA must first be reduced by losses incurred by the S corporation for the taxable year prior to determining the tax treatment of shareholder distributions made during the year. Petitioners argue that the tax treatment of distributions should be considered prior to the consideration of annual losses, and respondent argues the converse.  In order to understand the technical aspects of the controversy, it is necessary to understand some of the background concerning the S corporation provisions and the purpose of the statutes in question.

Sections 1367 and 1368 were enacted as part of the Subchapter S Revision Act of 1982, Pub. L. 97-354, 96 Stat. 1669. An S corporation, like a partnership, is a pass through entity and, with certain exceptions, the shareholders report gain or loss irrespective of any distributions made to them.  Generally, under sections 1367 and 1368, shareholder distributions are to be tax-free to the extent of the distributee's stock basis.  Further

such tax-free distributions reduce the shareholder's stock basis. In accord with these concepts, the above-mentioned act also obviated the conceptual need for corporate earnings and profits, except to the extent that an S corporation may possess accumulated earnings from prior years in which it was a subchapter C corporation. See sec. 1371(c).

Where earnings and profits accumulated by a predecessor C corporation exist, they are taken into account in the tax treatment of distributions to S corporation shareholders. This is accomplished through a clearing concept designated as the AAA. The AAA is described and defined in section 1368(e)(1), as follows:

> (e) Definitions and Special Rules.--For purposes of this section--
>> (1) Accumulated adjustments account.--
>>> (A) In general.--Except as provided in subparagraph (B), the term "accumulated adjustments account" means an account of the S corporation which is adjusted for the S period in a manner similar to the adjustments under section 1367 (except that no adjustment shall be made for income (and related expenses) which is exempt from tax under this title and the phrase "(but not below zero)" shall be disregarded in section 1367(b)(2)(A)) and no adjustment shall be made for Federal taxes attributable to any taxable year in which the corporation was a C corporation. * * *

An S corporation distribution from accumulated earnings and profits of a predecessor C corporation is treated as a dividend to the extent that the distribution exceeds the S corporation's AAA. Sec. 1368(c)(1) and (2). The AAA is intended to measure the accumulated taxable income of an S corporation that has not

been distributed to the shareholders. The portion of a distribution to a shareholder that does not exceed the AAA is a nontaxable return of capital to the extent of the shareholder's basis in S corporation stock. Sec. 1368(b) and (c)(1). The AAA is increased for the S corporation's income and decreased for the S corporation's losses and deductions and for nontaxable distributions to shareholders. See secs. 1367 and 1368. Distributions in excess of the AAA balance are treated in the same manner as subchapter C dividend distributions. Accordingly, to the extent of an S corporation's accumulated earnings and profits from a prior C corporation, such shareholder distributions are taxable as ordinary income.

In that regard, the controversy here focuses on the order in which reductions are to be made to the AAA. If petitioners are correct, then no part of the 1990 distributions to petitioner would result in taxable ordinary income. If, however, respondent is correct, a distribution in excess of the AAA would result in taxable income and an income tax deficiency for petitioners.

At the beginning of 1990, MTI had an AAA balance of $349,256. During 1990, MTI had an ordinary loss of $217,341 and made distributions to petitioner of $323,399, both of which call for negative adjustments to the AAA. Petitioners argue that in determining the tax consequences of the distributions, the distributions should be applied in reduction of the AAA balance as of the beginning of 1990 (i.e., prior to the $217,341 reduction attributable to the annual operating loss). Under

petitioners' suggested approach, the distributions would be a nontaxable return of capital that decrease petitioner's tax basis in his stock rather than result in a taxable dividend because the 1990 distributions did not exceed MTI's beginning of the year AAA balance.  Under respondent's determination, the $217,341 loss for 1990 is subtracted from the AAA prior to considering the effect of subtracting the distributions from the AAA. Respondent's determination results in taxable dividends attributable to MTI's accumulated earnings and profits of its predecessor C corporation.

No Court has specifically analyzed the question of the ordering of items in applying the principles for computing the AAA and any resulting income or basis reductions.  In Jones v. Commissioner, T.C. Memo. 1997-400, we touched on, but did not discuss, the point that adjustments to an S corporation's AAA for losses and deductions incurred in a taxable year must be made prior to adjustments for shareholder distributions.[6]  We do not vary from that statement here but provide the rationale for our holding and agreement.  In so holding, we agree with respondent.

Petitioners contend that the order for required adjustments to an S corporation's AAA is prescribed in section 1367(a). Section 1367(a) provides a list of the positive and negative

---

[6] The question of the ordering of reductions to the AAA was not of critical import or effect in Jones v. Commissioner, T.C. Memo. 1997-400, and, apparently, was not focused on by the parties.  Here, however, the ordering question is the essence of the inquiry and central to the resolution of the controversy.

adjustments to the basis of shareholder stock for items of
income, loss, and deductions of an S corporation for the taxable
year and for distributions to shareholders of the S corporation
during the year.  Petitioners maintain that the literal terms of
section 1367(a) require that the adjustments to stock basis be
made in the order listed in the statute.  Pursuant to the list
contained in section 1367(a), petitioners contend that basis is
decreased for distributions under subparagraph (A) of section
1367(a)(2) before it is decreased for current year losses under
subparagraphs (B) and (C) of section 1367(a)(2).[7]  Petitioners

---

[7]  Sec. 1367(a) provides for the following adjustments to
the basis of shares in an S corporation:

(a) General Rule.--
    (1) Increases in basis.--The basis of each
shareholder's stock in an S corporation shall be
increased for any period by the sum of the following
items determined with respect to that shareholder for
such period:
        (A) the items of income described in
    subparagraph (A) of section 1366(a)(1),
        (B) any nonseparately computed income
    determined under subparagraph (B) of section
    1366(a)(1), and
        (C) the excess of the deductions for
    depletion over the basis of the property subject
    to depletion.
    (2) Decreases in basis.--The basis of each
shareholder's stock in an S corporation shall be
decreased for any period (but not below zero) by the
sum of the following items determined with respect to
the shareholder for such period:
        (A) distributions by the corporation which
    were not includible in the income of the
    shareholder by reason of section 1368,
        (B) the items of loss and deduction described
    in subparagraph (A) of section 1366(a)(1),
        (C) any nonseparately computed loss
    determined under subparagraph (B) of section

(continued...)

contend that section 1368(d) refers to the section 1367 stock basis adjustments for the proper order of adjustments to the AAA.

Respondent maintains that section 1368, and not section 1367, controls the order of adjustments to the AAA. Section 1368(d), relied on by petitioners, provides that the tax treatment of shareholder distributions under section 1368(b) and (c) shall be determined by taking into account the adjustments to the basis of the shareholder's stock under section 1367 and the adjustments to the AAA under section 1368(e)(1). Section 1368(e) controls the adjustments to the AAA of an S corporation for current year operating results and shareholder distributions and provides that the AAA is to be adjusted in a manner similar to the adjustments to the basis of S corporation stock provided in section 1367. Sec. 1368(e)(1)(A).

Petitioners' reliance on section 1367 for the timing or order of adjustments to the AAA is misplaced. The section 1367 legislative history states that the current year's losses decrease the basis of S corporation stock before the stock basis is decreased for shareholder distributions and supports our

---

(...continued)
        1366(a)(1),
                (D) any expense of the corporation not
        deductible in computing its taxable income and not
        properly chargeable to capital account, and
                (E) the amount of the shareholder's deduction
        for depletion for any oil and gas property held by
        the S corporation to the extent such deduction
        does not exceed the proportionate share of the
        adjusted basis of such property allocated to such
        shareholder under section  613A(c)(13)(B).

holding here that adjustments to the AAA for losses are made prior to adjustments for any distributions made during the year. In particular, the legislative history states:

> Under the bill, both taxable and nontaxable income and deductible and nondeductible expenses will serve, respectively, to increase and decrease a subchapter S shareholder's basis in the stock of the corporation. These rules generally will be analogous to those provided for partnerships under section 705. Under these rules, <u>income and loss for any corporate taxable year will apply to adjust basis before the distribution rules apply for that year.</u> * * * [Emphasis added.]

H. Rept. 97-826, at 17 (1982); 1982-2 C.B. 730, 738; S. Rept. 97-640, at 18 (1982); 1982-2 C.B. 718, 726. Petitioners contend that the section 1367 legislative history does not provide clear guidance on the order of adjustments to the AAA. Petitioners rely on the statement in the legislative history that basis adjustments to S corporation stock should be analogous to the basis adjustments to partnership interests. Under section 705 of the partnership rules, a distribution to a partner decreases the partner's basis in his partnership interest before the partner's basis is reduced for partnership losses. See Rev. Rul. 66-94, 1966-1 C.B. 166. Under the partnership rules, the relevant basis is the partner's basis in the partnership interest when the distribution occurs. However, petitioners' argument would require us to ignore the explicit statement in the legislative history that adjustments for losses of an S corporation are made before adjustments for shareholder distributions. The legislative history states that subchapter S is meant only to be generally analogous to subchapter K, and directly conflicts with

petitioners' interpretation of section 1367.  Section 1367 merely lists the adjustments to basis of shareholder's stock and does not prescribe the order in which those adjustments are to be made for present purposes.

The AAA must be adjusted for income, loss, and deductions of an S corporation for the taxable year prior the adjustment to the AAA for shareholder distributions.  Section 1368(c) requires that if distributions made during a taxable year exceed the amount in the AAA at the close of the taxable year, the balance of the AAA is to be allocated among the distributions.  Petitioners contend that adjustments for both losses and shareholder distributions can occur at the end of the year, consistent with section 1368(c), and the adjustment for distributions could occur before the adjustment for losses.  However, the legislative history of section 1368(c), like that of section 1367, expressly states that adjustments to the AAA for current year losses are made before adjustments for distributions during the year.  The House report provides:

> for any taxable year, the amount in the account (after taking into account income and loss for the taxable year) will be used up pro rata among all distributions made during the year.  Thus, if the account balance at the end of a year, before distributions, is $100 and the corporation distributed $200 during the taxable year, one-half of each distribution will be treated as from the accumulated adjustments account and therefore will not be taxed as a dividend.  [H. Rept. 98-432 (Part II), at 1645 (1984); emphasis added.]

Subsequent to the taxable years in question, regulations under sections 1367 and 1368 were issued requiring taxpayers to

decrease the AAA by current year losses prior to determining the tax consequences of any distribution made during the taxable year.  Secs. 1.1368-1(e), 1.1368-2(a)(4), Income Tax Regs.  The regulations apply to tax years of a corporation beginning on or after January 1, 1994, and are not applicable to this case.  Sec. 1.1368-4, Income Tax Regs.

Ironically, during 1996 Congress amended section 1368(e) to provide for the result that petitioners seek.  Small Business Job Protection Act of 1996, Pub. L. 104-188, sec. 1309(c)(2), 110 Stat. 1755, 1784.  Section 1368(e)(1)(C), as amended, provides that the AAA is adjusted for distributions made during the year without regard to any net negative adjustment for the year.  A net negative adjustment is the excess of reductions in the AAA for losses and deductions for the year over any increase in the AAA for the year.  The amendment applies to tax years beginning after December 31, 1996.  The legislative history of section 1368(e)(1)(C) makes it clear that Congress intended to effect a change in the existing law.  Congress characterized the existing law as follows:

> Under present law, income (whether or not taxable) and expenses (whether or not deductible) serve, respectively, to increase and decrease an S corporation shareholder's basis in the stock of the corporation. These rules require that the adjustments for items of both income and loss for any taxable year apply before the adjustment for distributions applies.
> These rules limiting losses and allowing tax-free distributions up to the amount of the shareholder's adjusted basis are similar in certain respects to the rules governing the treatment of losses and cash distributions by partnerships.  Under the partnership rules (unlike the S corporation rules), for any taxable

year, a partner's basis is first increased by items of income, then decreased by distributions, and finally is decreased by losses for that year.

In addition, if the S corporation has accumulated earnings and profits, any distribution in excess of the amount in an "accumulated adjustments account" will be treated as a dividend (to the extent of the accumulated earnings and profits).  A dividend distribution does not reduce the adjusted basis of the shareholder's stock.  The "accumulated adjustments account" generally is the amount of the accumulated undistributed post-1982 gross income less deductions.  [S. Rept. 104-281, at 53-54 (1996); H. Rept. 104-586, at 89-90 (1996); fn. refs. omitted.]

Sections 1367 and 1368, including the 1996 amendment to section 1368, together with their legislative history, support our holding that adjustments to the AAA for current year losses are made prior to any adjustments to the AAA for shareholder distributions made during the year.  Accordingly, respondent's determination that petitioner received a taxable dividend from MTI in 1990 is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.
